UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

CASE NO: **09-21789**

CIV-KING  MAGISTRATE BANDSTRA

METROCOMM L.T.,

   Plaintiff,

v.

ACER LATIN AMERICA, INC.,

   Defendant.

_____/

FILED by ___ D.C.
JUN 29 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

**COMES NOW** the Plaintiff, **METROCOMM L.T.** (hereinafter referred to as "METROCOMM"), by and through undersigned counsel, and sues the Defendant, **ACER LATIN AMERICA, INC.** (hereinafter referred to as "ACER"), and alleges as follows:

1. That this is an action for damages in excess of Seventy Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. That this cause of action stems from an oral agreement/contract entered into between the parties within Miami-Dade County, Florida.

3. That at all times material hereto, Plaintiff, METROCOMM, was and is a foreign corporation located in Sao Paulo, Brazil.

4. That at all times material hereto, Defendant, ACER, was and is a foreign limited liability corporation properly licensed and authorized to conduct business within the State of

Florida; specifically with a principle of business located at: 1701 NW 87th Avenue, Suite 200, Miami, Florida.

5. That on or about October, 1999, Plaintiff, METROCOMM, entered into an oral Agreement (hereinafter referred to as the "Agreement") with Defendant, ACER, wherein METROCOMM agreed to promote its product for a new market, Brazil, for the Defendant, distributing its products – notebooks –, where the Plaintiff should make the best efforts.

6. That it took only (5) months, for Plaintiff, METROCOMM, to become the greatest distributor of Acer's notebooks in Latin America. That Plaintiff, METROCOMM, received awards for its work as the Latin America major distributor from ACER.

7. That at all times material hereto, the Plaintiff performed its duties and responsibilities in accordance with the terms of the oral Agreement.

8. That on or about June 28, 2004, Defendant, ACER, notified METROCOMM, in writing, that it intended to open and operate a second national service center in Brazil, which violated the oral Agreement between the parties.

9. Thereafter, Defendant, ACER, terminated its relationship with Defendant, METROCOMM, in writing, on June 28, 2004 whereby Defendant, ACER, provided sixty (60) days notice of termination.

10. That with the deterioration of the parties' relationship the Defendant, ACER, ceased providing its products for the distribution by the Plaintiff, METROCOMM in breach of the oral Agreement.

11.  That as a direct result of Defendant's breach, Plaintiff has sustained damages during the period of the oral Agreement; more specifically detailed as follows:

    a.    US$ 78,823,000.00 dollars in contract losses;

    b.    Losses by METROCOMM of 6,108.58 dollars (US$ 6,108.59) for payments made by METROCOMM to Carlos Alberto dos Anjos for performing demonstrations and promotions of ACER notebook computers at two (2) brazilian shopping centers;

    c.    Losses by METROCOMM of 1,674.20 dollars (US$ 1,674.20) for payments made by METROCOMM to display market ACER computers at five (5) commercial centers in Sao Paulo, Brazil;

    d.    Losses by METROCOMM of 1,858.62 dollars (US$ 1,858.62) for purchase of brochures;

    e.    Losses by METROCOMM of 2,139.36 dollars (US$ 2,139.39) for purchase of notebooks;

    f.    Losses by METROCOMM of 3,654.75 dollars (US$ 3,654.75) for advertising payments;

    g.    Losses by METROCOMM of 3,709.95 dollars (US$ 3,709.95) for purchase of computer notebooks;

    h.    Losses by METROCOMM of 292,255.83 dollars (US$ 292,255.83) for advertising payments in *Folha de São Paulo* newspaper;

  i. Losses by METROCOMM of 123,151.76 dollars (US$ 123,151.76) for advertising payments in *Folha da Manhã* newspaper;

  j. Losses by METROCOMM of 61,770.13 dollars (US$ 61,770.13) for advertising payments in *Valor Econômico* newspaper;

  k. Losses by METROCOMM of 5,000.00 dollars (US$ 5,000.00) for advertising payments in Globo TV;

  l. Losses by METROCOMM of 215,116.94 dollars (US$ 215,116.94) for the event realized in the Crowne Plaza São Paulo;

  m. Losses by METROCOMM of 36,185.62 dollars (US$ 36,185.62) for advertising payments to TEKCOMM;

  n. Losses by METROCOMM of 16,119.77 dollars (US$ 16.119,77) for payments made by METROCOMM to a Marketing Development Fund established by METROCOMM to market ACER products;

  o. Losses by METROCOMM of 6,620.00 dollars (US$ 6,620.00) with materials in Leal Bordados;

12. The Plaintiff, METROCOMM, has performed all conditions precedent to brining the instant suit, or such conditions were waived by Defendant.

13. That Defendant's, ACER's, failure to comply with the terms of the oral Agreement, more fully described above, is in direct and substantial breach of the terms of the oral Agreement.

14. That due to Defendant's breach, the Plaintiff has been forced to retain the undersigned counsel and incur additional costs and expenses in bringing the instant action, and Plaintiff is entitled to recovery of such attorney fees and costs.

**WHEREFORE** the Plaintiff, METROCOMM, demands judgment against Defendant, ACER, for damages, interest, attorney fees and costs, along with any further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

**DEMAND** is hereby made for trial by jury of all issues so triable as a matter of law.

Thomas J. Morgan, Jr., Esquire
**MORGAN & MORGAN, P.A.**
*Co-counsel for Plaintiff*
215 Grand Avenue
Coral Gables, Florida 33133
Phone: (305) 569-9900
Florida Bar No.: 127612

David S. Harris, Esquire
**DAVID S. HARRIS, P.A.**
*Co-Counsel for Plaintiff*
6431 SW 39th Street
Miami, Florida 33155
Phone: (305) 667-9043
Florida Bar No.: 112739

By: _____
    David S. Harris, Esq.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**09-21789**

### I. (a) PLAINTIFFS
METRTOCOMM L.T.,

CIV-KING

MAGISTRATE BANDSTRA

09-CV-21789-King/Bandstra

### DEFENDANTS
ACER LATIN AMERICA, INC.,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAVID S. HARRIS, ESQ.
6431 SW 39 ST
MIAMI, FLORIDA 33155

Attorneys (If Known)

FILED by ___ D.C.
JUN 29 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
BREACH OF CONTRACT
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 78,230,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE June 29, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1003695   06/29/09