UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  09-21789-CIV-KING-BANDSTRA

METROCOMM L.T.,

    Plaintiff,

vs.

ACER LATIN AMERICA, INC.

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ACER LATIN AMERICA, INC. ("Acer"), hereby submits its answers and affirmative defenses to Plaintiff's, METROCOMM L.T. ("Metrocomm"), Complaint and states as follows:

1.     Admitted for jurisdictional purposes only.

2.     Admitted that Metrocomm purports to state a claim regarding an alleged oral agreement.

3.     Without sufficient knowledge or information to admit or deny where Metrocomm was at all material times.

4.     Denied.

5.     Denied.

6. Denied and further alleges that it is unclear as to what "awards" are referred to herein and therefore denied.

7. Denied.

8. Denied.

9. Denied as to the alleged oral agreement which is terminable at will.

10. Denied.

11. Denied, including subparts (a) – (o).

12. Denied.

13. Denied.

14. Denied that Acer breached any agreement with Metrocomm. Otherwise, without knowledge.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred by the applicable statute of limitations for oral agreements.

### Second Affirmative Defense

Plaintiff's claim is barred for failure to plead the existence of an enforceable oral agreement.

### Third Affirmative Defense

Evidence of the existence of the oral agreement upon which Plaintiff relies, to the extent Plaintiff claims that the contract period was more than one year, is barred by the Statute of Frauds.

### Fourth Affirmative Defense

To the extent that an enforceable oral agreement exists, Plaintiff's claim is barred because Plaintiff repudiated its duty of performance.

### Fifth Affirmative Defense

To the extent that an enforceable oral agreement exists, Plaintiff's claim is barred due to Plaintiff's failure to fully perform its obligations.

### Sixth Affirmative Defense

Plaintiff's claim is barred by the doctrine of laches.

### Seventh Affirmative Defense

Plaintiff's claim is barred due to Plaintiff's voluntary and knowing waiver and/or release of its distribution rights, if any.

### Eighth Affirmative Defense

Plaintiff's damages, if any, are reduced due to Plaintiff's failure to mitigate its damages.

### Ninth Affirmative Defense

Plaintiff's damages, if any, are reduced by Plaintiff's contributory negligence.

### Tenth Affirmative Defense

Plaintiff's claim for attorney fees is barred for failure to plead entitlement by contract or statute.

### Eleventh Affirmative Defense

Plaintiff's claim for breach of an oral agreement is barred for failure to allege a claim upon which relief may be granted.

    *s/ Karusha Y. Sharpe*
**BARRY RICHARD**
FLORIDA BAR NUMBER 0105599
**KARUSHA Y. SHARPE**
FLORIDA BAR NUMBER 0540161
**GREENBERG TRAURIG, P.A.**
101 EAST COLLEGE AVENUE
TALLAHASSEE, FL 32301
TELEPHONE (850) 222-6891
FACSIMILE (850) 681-0207

AND

**PAUL LIPTON**
FLORIDA BAR NUMBER 156850
**GREENBERG TRAURIG, P.A.**
1221 BRICKELL AVENUE
MIAMI, FL 33131
TELEPHONE (305) 579-0500
FACSIMILE (305) 579-0717

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas J. Morgan, Jr., Esquire
MORGAN & MORGAN, P.A.
215 Grand Avenue
Coral Gables, Florida 33133
*Co-counsel for Plaintiff*

David S. Harris, Esquire
DAVID S. HARRIS, P.A.
6431 SW 39th Street
Miami, Florida 33155
*Co-counsel for Plaintiff*


          *s/ Karusha Y. Sharpe*
          Attorney

*TAL 451,525,989v1 8-20-09*