UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 09-21789-CIV-KING-BANDSTRA

METROCOMM L.T.,

    Plaintiff,

vs.

ACER LATIN AMERICA, INC.

    Defendant.

_____/

## DEFENDANT, ACER LATIN AMERICA'S, MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, ACER LATIN AMERICA, INC. ("Acer"), moves for judgment on the pleadings or, alternatively, for summary judgment against Defendant Metrocomm L.T. ("Metrocomm"), on grounds that there exists no genuine issue as to any material fact and Acer is entitled to judgment as a matter of law. In support thereof Acer states as follows:

### STATEMENT OF FACTS

Metrocomm alleges that in October 1999, it entered an oral agreement with Acer to distribute Acer notebooks in Brazil, *Complaint,* ¶5 and that on or about June 28, 2004, Acer breached the agreement when it gave written notice to Metrocomm that Acer intended to open and operate a second national service center in Brazil. *Id.* at ¶8. On June, 29, 2009, five years and one day after it alleges it received the written notice,

Metrocomm filed a one-count complaint for breach of the alleged oral agreement. *Id.* at ¶11 (a) - (o).

## MEMORANDUM OF LAW

### I. METROCOMM'S PLEADINGS DEMONSTRATE ON THEIR FACE THAT ITS CLAIM IS BARRED AND JUDGMENT ON THE PLEADINGS IS WARRANTED.

Judgment should be granted in favor of Acer as a matter of law because Metrocomm's pleading on its face demonstrates (1) that the cause of action expired according to the applicable statute of limitations for oral agreements, and (2) the complaint fails to state a cause of action for a valid oral agreement.

On the face of the pleadings Metrocomm's claim for breach of oral agreement is time barred. Under Florida's statute of limitations, an action on a contract not founded on a written instrument must be commenced within four years of the date on which the action accrues. § 95.11(3)(k), Fla. Stat. In a suit for breach of contract, the action accrues when the last element giving rise to the cause of action takes place. § 95.031(1), Fla. Stat. In such actions, it is well established that the statute of limitations for breach of contract runs from the time of the breach. *See State Farm Mut. Auto. Ins. Co. v. Lee,* 678 So.2d 818, 821 (Fla. 1996) citing *Fradley v. County of Dade,* 187 So.2d 48, 49 (Fla. 3d DCA 1966)("generally, a cause of action on a contract accrues and the statute of limitations begins to run from the time of the breach of contract"). The time when damages accrue or are ascertained, for limitations purposes, is of no consequence. *Med. Jet, S.A. v. Signature Flight Support-Palm Beach, Inc.,* 941 So.2d 576, 578 (Fla. 4th DCA 2006).

2

In this case, Metrocomm alleges that a "direct and substantial breach of the terms of the oral Agreement" occurred on June 28, 2004. *Complaint,* ¶13. The statute of limitations began to run on June 28, 2004, regardless of any additional breaches or discovery of actual damages. *Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A. v. Ryder Intern., Inc.*, 264 Fed.Appx. 878 (11th Cir. 2008)(finding that under Florida law, breach accrued on date of first breach, notwithstanding contention that limitations period began to run anew each time agreement was breached); *Allapattah Services, Inc. v. Exxon Corp.,* 188 F.R.D. 667 (S.D. Fla. 1999)(continuing breach doctrine cannot be used to toll statutes of limitations).

Metrocomm filed its Complaint June 29, 2009 -- more than five years after the alleged breach occurred and more than one year after the statute of limitations expired. Metrocomm's claim for breach of oral agreement is time-barred on its face and should be dismissed with prejudice because Metrocomm cannot amend its complaint so that its contract claim is within the statute of limitations.

## II.   FINAL SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE RECORD EVIDENCE DEMONSTRATES THAT THE ORAL AGREEMENT IS BARRED BY THE STATUTE OF LIMITATIONS AND THE STATUTE OF FRAUDS.

### A.   The Record Evidence Demonstrates that the Alleged Oral Agreement is Barred by the Statute of Limitations.

Metrocomm contends that Acer breached an oral distribution agreement between the parties when Acer notified Metrocomm that it intended to open and operate a second national service center in Brazil. *See* Complaint, ¶8; Exhibit A, Letter dated June 28, 2004; Exhibit B, Plaintiff's Response to Interrogatories at #9; Exhibit C, Valle Depo. at 22:1-7, 23:8-18, 47:1-12. The testimony of Metrocomm's corporate representative,

Ayerton Do Valle ("Valle") shows that he believed the letter received in June 2004 violated the oral agreement between the parties. Exhibit C, Valle Depo. at 44:21-24, 47:1-12, 52:8-25, 53:1-3; Complaint, ¶8. Under Florida law, a cause of action accrues the moment the injured party or a reasonable person in the injured party's situation knew or should have known that the acts complained of caused damage. *Penthouse North Ass'n v. Lombardi*, 461 So.2d 1350, 1352 (Fla.1985). Thus, the undisputed evidence in the record establishes that Metrocomm had knowledge of conduct that it believed constituted a breach of contract by June 28, 2004. Based on these facts, the statute of limitations for claims against Acer began to run in June 28, 2004 and its claim was barred as of June 28, 2008.

Statutes of limitations are in place for important public policy reasons. Once the pertinent statute of limitations period has passed, companies, like individuals, "have the right to conduct their affairs without fear of liability for their [past alleged] actions." *Penthouse North Ass'n v. Lombardi,* 461 So.2d 1350, 1352 (Fla. 1985). Florida law subjects Metrocomm's breach of oral contract claim to a four-year statute of limitations. *See* §95.11(3)(k), Fla. Stat. Metrocomm, however, filed its contract claim on June 29, 2009, more than five years after its awareness of the breach and more than one year after the limitations period expired. Because Metrocomm filed its contract claim after the running of the statute of limitations, Acer is entitled to entry of judgment as a matter of law.

      **B.    The Record Evidence Demonstrates that the Oral Agreement is Barred by the Statute of Frauds.**

Because the oral agreement characterized in the Complaint was not to be performed within one year, Metrocomm's claim for breach of the oral agreement fails as

4

a matter of law. An oral contract to supply notebook computers for an indeterminate time period is subject to the general statute of frauds barring enforcement of oral agreements not intended to be performed within the space of one year. *See* §725.01, Fla. Stat.; *All Brand Importers, Inc. v. Tampa Crown Distrib., Inc.*, 864 F.2d 748 (11th Cir.1989)(finding that oral distributorship agreements intended to last for more than one year are unenforceable); *Eclipse Med. Inc. v. American Hydro-Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 144-45 (S.D.Fla.1999)(where the plaintiffs alleged that they were orally promised a perpetually renewing distribution agreement, the District Court applied §725.01 to find that the alleged oral agreement was unenforceable under the Statute of Frauds); *Anthony Distrib., Inc. v. Miller Brewing Co.*, 941 F.Supp. 1567, 1574 (M.D. Fla. 1996)(where the plaintiff alleged that the defendant orally promised the defendant a beer distributorship, the District Court applied §725.01 to find that the alleged oral agreement was unenforceable under the Statute of Frauds).

"The statute of frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos." *Yates v. Ball*, 132 Fla. 132, 181 So. 341, 344 (1938). The statute is designed "to prevent persons from being enmeshed in and harassed by claimed oral promises made in the course of negotiations not ending in contracts reduced to writing." *Cohen v. Pullman Co.*, 243 F.2d 725, 729 (5th Cir.1957). "The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection." *Yates*, 181 So. at 344.

A core feature of the statute is that it applies only to agreements that are "not to be performed within the space of 1 year from the making thereof." § 725.01, Fla. Stat.

5

Section 725.01, Florida Statutes, provides:

> No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

While the duration of the oral distribution agreement is not clear from the Complaint, it is clear from the record that the alleged agreement called for the establishment of an ongoing relationship. Moreover, the record evidence demonstrates that the business relationship which was never memorialized in writing, would be a long-term arrangement or an arrangement that, by its very nature, would extend for more than one year. *See* Exhibit C, Valle Depo. at 32:24-33:5, 54:12-23. Valle testified on behalf of Metrocomm regarding the intended duration of the alleged oral agreement. According to Valle, the parties entered the oral contract in October 1999. *Id.* at 23:15-25:24. The contract was terminable at will. *Id.* at 32:24-33:5, 55:2-9. He then testified that the oral contract "was going to go on" until "the end of 2005." *Id.* at 49:21-23. Valle confirmed a second time that the contract was intended, from the very beginning, to last for more than one year in the following exchange:

> **Q**: How long was this oral contract to last, for, when you first entered into it?
>
> **A**: In my understanding, was to last up to end of 2005.
>
> **Q**: That was your understanding of how long this oral contract was to last when you entered into it.
>
> **A**: Yes. I understand that to last up to December 2005. Yes.

*Id.* at 54:12-23.

6

An oral agreement where "the parties intended to establish an ongoing business concern, to extend well beyond a year" has been held to be within the purview of the statute of frauds. *Khawly v. Reboul*, 488 So.2d 856, 858 (Fla. 3d DCA 1986); see also *Viscito v. Fred S. Carbon Co.*, 717 So.2d 586, 587 (Fla. 4th DCA 1998) (upholding the trial court's determination that the parties' oral agreement was barred by the Statute of Frauds where the agreement created a business relationship that lasted over an extended period of time); *Chong v. Milano*, 623 So.2d 536, 537 (Fla. 4th DCA 1993) ("Since the business agreement was to last indefinitely, the statute of frauds bars its enforcement."). In fact, under Florida law, the key factor in determining whether an oral agreement is enforceable is the intent of the parties with regard to the time of performance and not the possibility of contingent termination. *Khawly*, 488 So.2d at 856; *All Brand Importers, Inc. v. Tampa Crown Distributors, Inc.*, 864 F.2d 748 (11th Cir. 1989)(affirming district court's grant of summary judgment which held that statute of frauds bars counterclaim for breach of oral contract where parties intended the contract to last longer than a year, even though the contract could have been terminated within a year).

The counterclaim in *All Brand* is instructive. Plaintiff, All Brand Importers, Inc. ("All Brand") sued defendant, Tampa Crown Distributors, Inc. ("Tampa Crown") for breach of an oral contract to sell and purchase beer. *Id.* at 749. Tampa Crown countersued for breach of an oral distribution agreement. *Id.* Tampa Crown contended that it expended time and money developing a market for All Brand products, secured contracts to sell All Brand products, served as a distributor for All Brand for almost seven years, and complained that All Brand ceased to do business with it. *Id.* The district court held and the Eleventh Circuit affirmed that these factors indicated that the parties

7

intended for their relationship to last for more than one year thus the statute of frauds barred enforcement of the alleged oral agreement. *Id.* at 751. As Metrocomm's allegations are almost identical to Tampa Crown's, this Court should reach the same conclusion.

Like Tampa Crown, Metrocomm contends that it expended time and money developing a market for Acer products. *See* Complaint, ¶¶5,6; Exhibit B, Plaintiff's Response to Interrogatories at #7, 10(A), 13. Metrocomm secured contracts to sell Acer products. *See* Exhibit B, Plaintiff's Response to Interrogatories at #7, 10(A), 13; Exhibit C, Valle Depo. at 41:19-24, 43:1-22, 72:8-14. Metrocomm served as a distributor for Acer for almost five years. *See* Complaint, ¶¶5,8; Exhibit C, Valle Depo. at [44:18-24]. Metrocomm claims that Acer ceased to do business with it. *See* Complaint, ¶¶9,10; Exhibit B, Plaintiff's Response to Interrogatories at #9, Exhibit C, Valle Depo. at 45:22-25, 47:1-12, 53:1-5. Based on the record evidence, the parties clearly intended the business relationship to last for a longer period than a year, it is barred by the statute of frauds, and it is unenforceable.

And, any claim that the distribution arrangement could have been performed within one year is of no moment. "[I]f from the object to be accomplished by [the contract] and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year." *Lynkus Communications, Inc. v. WebMD Corporation*, 965 So.2d 1161,1165 (Fla. 2nd DCA 2007)(citations omitted); *accord, Centro Nautico Representacoes*

8

*Nauticas, LDA v. Int'l Marine Co-op, Ltd.,* 719 So.2d 967 (Fla. 4th DCA 1998), *quashed on other grounds*, 761 So.2d 279 (Fla. 1999).

*Centro Nautico* involved an oral contract between a distributor and a manufacturer, which was terminable at will. *Id.* at 969. As here, the relationship between the distributor and manufacturer actually lasted for more than one year. *Id.* at 968. The appellate court held that the general statute of frauds was implicated, thus barring the distributor's claim on the oral contract. *Id.* at 969.

Similarly, Plaintiff has alleged an oral contract for a distribution relationship which existed more than one year. The business relationship was intended, and indeed actually lasted for nearly five years, therefore the alleged oral agreement is within the statute of frauds, and is unenforceable.

### III.   CONCLUSION

Accepting all of the allegations of the Complaint as true, for the sake of this motion, Acer is entitled to entry of judgment on the pleadings with prejudice, or in the alternative, summary judgment, as a matter of law.

WHEREFORE, Defendant, Acer Latin America, respectfully requests that this Court enter an order granting judgment in Acer's favor.

                    *s/ Karusha Y. Sharpe*
                    **BARRY RICHARD**
                    FLORIDA BAR NUMBER 0105599
                    **KARUSHA Y. SHARPE**
                    FLORIDA BAR NUMBER 0540161
                    **GREENBERG TRAURIG, P.A.**
                    101 EAST COLLEGE AVENUE
                    TALLAHASSEE, FL 32301
                    TELEPHONE (850) 222-6891
                    FACSIMILE (850) 681-0207

                    AND

                    **PAUL LIPTON**
                    FLORIDA BAR NUMBER 156850
                    **GREENBERG TRAURIG, P.A.**
                    1221 BRICKELL AVENUE
                    MIAMI, FL 33131
                    TELEPHONE (305) 579-0500
                    FACSIMILE (305) 579-0717

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

David S. Harris, Esquire
DAVID S. HARRIS, P.A.
6431 SW 39th Street
Miami, Florida 33155
*Counsel for Plaintiff*

                    *s/ Karusha Y. Sharpe*
                          Attorney

*TAL 451,541,233v3 3-8-10*