UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21789-CIV-KING-BANDSTRA

METROCOMM L.T.,

    Plaintiff,

vs.

ACER LATIN AMERICA, INC.

    Defendant.
_____/

## PLAINTIFF, METROCOMM L.T.'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, METROCOMM L.T., (hereinafter "METROCOMM L.T.") by and through his undersigned counsel, hereby files this Motion in Opposition to Plaintiff's Motion for Summary Judgment and states as follows:

1. This case arises from an agreement between Plaintiff, METROCOMM L.T. and Defendant ACER LATIN AMERICA, INC. whereby the Defendant agreed to provide Plaintiff with a line of credit to purchase and supply notebook computers manufactured by the Defendant, ACER LATIN AMERICA INC. for sale in Brazil.

2. That the agreement was made orally by telephone between representatives of both parties that was later reduced to writing. (See email exchanges between the parties agreeing to a line of credit for Plaintiff to purchase said notebook computers collectively attached as Exhibit "A"). (See Shafer v. Previews, Inc., 78 So.2d 376 (Fla. 1955) - effect of oral agreement reduced to writing creates an issue of fact as to the parties' intent). Because the agreement between the parties was reduced to writing the statute of limitations is five (5) years and begins to toll when

the alleged breach by ACER LATIN AMERICA INC. first occurred. (See Fla.Stat.Ann. § 95.11(2)(b); Jones v. Childers, 18 F. 3d 899 (11th Ct. App. 1994) and Pinnacle Port Community Ass'n v. Orenstein, 952 F. 2d 375(11th Ct. App. 1992)).

3. That based upon said written agreement, Plaintiff, METROCOMM L.T. entered into many subsequent third party agreements with companies in Brazil to supply and sell Acer notebook computers, the last of said agreement(s) were with Nultiminas LTDA dated February 15, 2005; G.R. S/A and Ajinomoto Interamericana dated February 28, 2005 and Banco de Brazil dated December 29, 2004 in which Plaintiff, METROCOMM L.T. agreed to supply Banco de Brazil notebook computers for a period of three (3) years (See Nultiminas LTDA invoice, G.R. S/A and Ajinomoto Interamericana invoice and Banco de Brazil Agreement collectively attached as Exhibit "B"). That at the time METROCOMM L.T. entered into its agreements with Nultiminas LTDA, G.R. S/A and Ajinomoto Interamericana and Banco de Brazil, there was still an agreement between the parties regarding the line of credit and ongoing business relations between Plaintiff and Defendant whereby Defendant ACER LATIN AMERICA INC agreed to supply said computers under the line of credit agreement in place and for this reason METROCOMM L.T. entered into said agreement with Nultiminas LTDA, G.R. S/A and Ajinomoto Interamericana and Banco de Brazil.

4. With respect to said agreement between the parties, the breach did not first occur by ACER LATIN AMERICA INC. until after February 28, 2005 whereby ACER LATIN AMERICA INC failed to honor the line of credit as agreed to and it also failed to supply Plaintiff with the notebook computers it contracted to sell to Nultiminas LTDA, G.R. S/A and Ajinomoto Interamericana, Banco de Brazil and various other third parties in Brazil. Thus, the breach by ACER LATIN AMERICA, INC. first occurred after February 28, 2005 and the statute of

limitations for breach of contract did not expire until on or before February 28, 2010. That based upon this timeline, Plaintiff, METROCOMM L.T. timely filed its complaint for damages of breach of contract long before the statute expired.

5. That the facts contained herein, and verified by Ayrton do Valle, manager of METROCOMM L.T., together with the e-mail exhibits and written contracts demonstrates that there are clearly genuine issues of material fact in dispute as to when the breach occurred, whether the Complaint was timely filed and whether the Plaintiff is entitled to the damages sought in its Complaint for breach of contract. Therefore, Defendant, ACER LATIN AMERICA, INC., should not entitled to summary judgment as a matter of law.

6. When reviewing this verified pleading, this court must examine said sworn statement in the light most favorable to the non-moving party, here the Plaintiffs. (*See* Marches v. Helen Homes of Kendall Corp., 826 So. 2d 256 (Fla. 2002)).

7. That according to e-mails, attached herein as Exhibit "A", an authorized representative of the Defendant, ACER LATIN AMERICA, INC. is representing to a representative of METROCOMM L.T. in writing that for every one dollar paid by METROCOMM L.T. (guarantee), then ACER LATIN AMERICA, INC. would match said guarantee payment for every dollar a two and a half dollar line of credit for METROCOMM L.T. to purchase notebook computers for distribution and sale in Brazil. After, ACER LATIN AMERICA, INC and METROCOMM L.T. entered into this agreement, Plaintiff, METROCOMM, L.T. deposited more than one million dollars ($1,000,000) on account (guarantee) with Defendant, ACER LATIN AMERICA INC. and as a result Plaintiff, METROCOMM L.T. should have had a line of credit for more than two million five hundred thousand dollars ($2,500,000) when it solicited and contracted with numerous companies in

Brazil to sell these Acer notebook computers to said Brazilian companies. However, Defendant, ACER LATIN AMERICA, INC. failed to honor its agreement and provide the line of credit to purchase said notebook computers, thereby causing Plaintiff, METROCOMM L.T. millions of dollars in damages due to lost profits and contractual penalties.

8. Based upon the allegations of the complaint, the Plaintiff is not entitled to final summary judgment as a matter of law. (See Cox v. CBX Intermodal, Inc.,732 So. 2d 1092 (Fla. 1st DCA 1999). "A dispute over an issue of material fact is genuine if the evidence would permit a reasonable jury to return a verdict for the party against whom summary judgment is sought.").

WHEREFORE, Plaintiff, METROCOMM LT., respectfully requests that this Court deny Defendant's Motion for Summary Judgment and allow this case to proceed to trial.

FURTHER AFFIANT SAYETH NAUGHT.

AYRTON DO VALLE, Manager
METROCOMM L.T.

Dated: March ___; 2010

SWORN TO AND SUBSCRIBED before me this _____ day of March, 2010

Personally known _____ or Produced Identification

Type of Identification: _____

NOTARY PUBLIC, AT LARGE
Print Name:
My Commission Expires:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail on the 1st day of April, 2010 to: Barry Richard, Esq. and Karusha Y. Sharpe, Esq., Greenberg Traurig, P.A., 101 East College Avenue, Tallahassee, FL 32301.

RO CIVIL
RO
DA ENA)
ardi
icial
o - Capital



3⁹ᵃ ...

Reconheço por semelhança a firma de:
AYRTON FRANCISCO DO VALLE FERRARESE....
...........................................
...........................................
em documento com valor econômico, dou fé.
São Paulo, 01 de Abril de 2010. Em Test......   d...

JOAO CARLOS DOS ANJOS DE OLIVEIRA - ESCREVENTE
R$ 5,00-Valido somente com selo de Autenticidade.

ESTE DOCUMENTO DEVERÁ
SER VERTIDO EM VERNÁCULO
E REGISTRADA A TRADUÇÃO
PÚBLICA PARA PRODUZIR
EFEITOS NO BRASIL OU
VALER CONTRA TERCEIROS.
(Art. 224 Cód. Civil e Art. 148
da lei 6.015).

**LAW OFFICES OF DAVID S. HARRIS**
6431 SW 39th Street
Miami, FL 33155-4813
Telephone: (305) 667-9043
Facsimile: (305) 667-9044

BY: ___/s/ David Harris___
    David S. Harris, Esq.
    Fla. Bar No. 0112739