UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  09-21789-CIV-KING-BANDSTRA

METROCOMM L.T.,

    Plaintiff,

vs.

ACER LATIN AMERICA, INC.

    Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE SUMMARY JUDGMENT**

---

Defendant, Acer Latin America, Inc. ("Acer") files this Reply to Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Response"). In support thereof, Acer states as follows:

Acer's Motion for Judgment on the Pleadings should be granted as Metrocomm does not deny that its Complaint fails to demonstrate entitlement to relief. Similarly, this Court can grant Acer's Motion for Summary Judgment because Metrocomm has not and cannot raise a genuine issue of material of fact.

Acer is entitled to summary judgment as a matter of law for two independent reasons. First, Metrocomm cannot demonstrate that the alleged oral distribution agreement was ever reduced to a writing, let alone one sufficient to satisfy the Statute of Frauds. Second, to the extent that Metrocomm has any claims at all for breach of contract, those claims are time-barred because the statute of limitations applicable to oral contracts expired before Metrocomm filed

suit. Plaintiff's Response fails to identify or present any competent evidence to defeat summary judgment on either of these issues. Metrocomm cannot create a genuine issue of material fact by merely cobbling together random documents with a sworn response of conclusory statements which conflict with Metrocomm's complaint, answers to interrogatories and deposition testimony.

**I.      ACER IS ENTITLED TO SUMMARY JUDGMENT BECAUSE METROCOMM CANNOT PRESENT EVIDENCE OF A WRITING THAT SATISFIES THE STATUTE OF FRAUDS.**

**A.      Exhibit A Is Not A Writing Sufficient To Satisfy The Statute Of Frauds.**

Metrocomm attempts to rescue the alleged oral distribution agreement from the application of the Statute of Frauds by claiming that the oral agreement was reduced to a writing in a series of email exchanges between Metrocomm and Acer employees on September 20, 2000. Metrocomm attaches this email exchange to its response as Exhibit A[1]. *See* Plaintiff's Response, ¶2; Exhibit A. This argument fails because the email exchanges in Exhibit A do not constitute a writing sufficient to satisfy the statute of frauds under Florida law.

Under Florida law, a writing must contain all essential terms of the agreement, such as duration, quantity, price, and geographic territory, to satisfy the requirements of the Statute of Frauds. *See Topp, Inc. v. Uniden America Corporation,* 483 F.Supp.2d 1187, 1193 (S.D. Fla. 2007); *see also, Williams v. Faile,* 118 So.2d 599, 602 (Fla. 1st DCA 1960) (holding that to remove contract from the statute of frauds, written memorandum must show essential elements of the contract). All of the emails in Exhibit A, even if they are taken together and treated as a whole, do not contain *any* essential terms of an alleged distribution agreement, let alone *all* of its essential terms. As a matter of fact, the email string does not appear to set out the essential terms

---

[1] Acer objects to Plaintiff's Exhibit A as it was neither identified in Metrocomm's answers to interrogatories nor produced in response to Acer's requests for production.

of any agreement. The email string in Exhibit A is nothing more than a discussion between an Acer employee and a Metrocomm employee of how a wire transfer should be credited against a line of credit. In the email string, the Acer employee acknowledges receipt of a wire transfer for $555,000 and inquires of the Metrocomm employee, "we need to know how much money you will be applying to your guarantee." This exchange is not a discussion about essential contract terms, but a simple business communication about crediting a payment.[2] This email string in Exhibit A is insufficient to satisfy the requirement of Florida's Statute of Frauds that a writing contain all essential terms.

And even if the email exchange did contain "essential terms"—of say, a wire transfer arrangement—the email string would not satisfy the requirement of a writing for the agreement actually alleged here because the line of credit terms are simply irrelevant. The oral agreement that Metrocomm alleges in the Complaint is a distribution agreement, *not* a line of credit:

> That on or about October, 1999, Plaintiff, METROCOMM, entered into an oral Agreement (hereinafter referred to as the "Agreement") with Defendant, ACER, wherein METROCOMM agreed to promote its product for a new market, Brazil, for the Defendant, distributing its products — notebooks —, where the Plaintiff should make the best efforts. Complaint, ¶5.

As a matter of fact, Metrocomm's Response is the *first* time in this litigation that Metrocomm has ever mentioned a line of credit as a material term of the alleged agreement. Moreover, Metrocomm specifically admitted in discovery that a line of credit has no relevance whatsoever to any oral agreement that Metrocomm claims was breached by Defendant. In Metrocomm's verified response to an Acer interrogatory that

---

[2] Even if this case concerned a line of credit, the writing would still be woefully inadequate. Absent are terms essential to the establishment of a line of credit, such as: repayment terms, duration, quantity, interest rates, etc.

3

asks Metrocomm to identify all material terms in the alleged oral agreement, Metrocomm does not state anything about a line of credit:

> **Q**: <u>Interrogatory #3</u>: State the terms and conditions of the alleged oral agreement between Metrocomm and Acer….
> **A:** The terms of the alleged oral agreement are the following:
> a) The distribution price for sale in the Brazilian territory would be in American dollars
> b) The payment had to be done within a period of 60 (sixty days)
> c) The marketing sector would receive the amount of 2% (two percent) over the value of the request
> d) The notebooks would have a guarantee period of 1 (one) year, in the Brazilian territory
> e) The operational systems of the notebooks would be in three languages: Portuguese, English and Spanish
> f) The notebooks would have its keyboards models according to the rules of ABNT2 (Brazilian Standard)

And Metrocomm's corporate representative in his deposition repeatedly confirmed that a line of credit was not a material term to the oral distribution agreement:

> <u>Valle Deposition at 25:25 - 26:16</u>:
>
> **Q:** Can you tell us what the terms of that oral agreement were?
> **A:** Acer supplies the notebooks here in Miami for Metrocomm…And Metrocomm make all the arrangements to sell in Brazil…So Acer gave us the distribution prices, here in Miami, we import the goods, the notebooks. And sell in Brazil. To increase the sales, they gave us two percent of all of our purchase for marketing funds.
>
> <u>Valle Deposition at 48:3 - 49:20</u>:
>
> **Q**: In looking at Exhibit 5-A, which is the answers to interrogatories, I want you to look at Number 3 [referenced above]. I will read it to you and I'll show it to you…….
> **Q**: Is that answer true?
> **A**: Yes.
> **Q**: There were no other terms to this oral contract, then, but other than what is on that answer.
> **A**: Besides that?

4

>   **Q**:    Yes?
>   **A**:    No.
>
>   <u>Valle Deposition at 53:17 - 54:7</u> (where Metrocomm representative discusses special promotions of Acer brands):
>
>   **Q:**    Are there any other terms and conditions of the oral contract, other than what you've just testified to, and what's included in the answers to interrogatories, anything else:
>   **A:**    I want to include one.
>   **Q:**    What's that?
>   **A:**    About marketing………..

Not only does Exhibit A fail as a writing because it does not contain all essential terms, it also fails because it contains absolutely no terms that could be possibly relevant to the oral agreement alleged in this case. The evidence that Metrocomm presents in Exhibit A fails to satisfy any requirements of a writing under Florida's Statute of Frauds.

> **B.**    **Exhibit B Is Not A Writing Sufficient To Satisfy The Statute Of Frauds.**

The third-party agreements in Exhibit B also do not save Metrocomm from the application of the Statute of Frauds. Those agreements cannot contain the essential terms of a Metrocomm/Acer agreement because they purport to be agreements between Metrocomm and third-parties. *See* Response, ¶3. ("[B]ased upon [Exhibit A], Plaintiff, Metrocomm L.T. entered many subsequent third party agreements…"). Moreover, this Court should exclude Exhibit B from the summary judgment record for two reasons. First, Metrocomm did not produce these documents to Defendant in discovery. Defendant is seeing these documents for the first time with the service of Metrocomm's opposition motion. Second, Metrocomm failed to provide certified translation of these documents. Exhibit B is more than 55 pages, none of which is in English. *United States v. Rivera-Rosario,* 300 F.3d 1,5,7 n.4 (1st Cir. 2002)(noting "well-settled rule that parties are required to translate all foreign language documents into English"). *Lopez-*

*Carrasquillo v. Rubianes,* 230 F.3d 409, 413-14 (1st Cir. 2000)(declining to consider deposition excerpts submitted without English translation as part of summary judgment record); *Heary Bros. Lighning Protection Co. v. Lightning Protection Institute,* 287 F.Supp.2d 1038, 1074 (D.Ariz.2003)(*sua sponte* striking as inadmissible plaintiffs' exhibits that were not in English and for which plaintiff had provided no translation); *Continental Ilinois Corp. v. C.I.R.*, 1989 WL 99426, 57 T.C.M. (CCH) 1464 (U.S. Tax Ct.1989)(declining to make untranslated financial documents part of record where neither respondent nor court is literate in language in which statements were written).

      **C.**      **Because Metrocomm Alleges An Oral Agreement Which Was Not Intended To Be Performed Within One Year, Metrocomm's Claim Fails As A Matter Of Law.**

In the absence of a writing, Metrocomm seeks to enforce against Defendant Acer an oral agreement intended to last more than one year. However, Metrocomm's Response does not address the fact that the statute of frauds applies only to contracts that cannot be performed in one year. Further, Metrocomm failed to put forth any evidence whatsoever that the alleged oral agreement was *never* intended to be performed in less than one year. Since Metrocomm does not dispute in its Response the intended length or duration of the alleged oral distribution agreement, it is now deemed admitted under the local rules of this district. *See* S.D. Fla. L.R.7.5 (D). Thus, the fact that the oral agreement was intended to last more than one year is an undisputed fact which squarely places the agreement within the Statute of Frauds and it is unenforceable.

In fact, in his deposition, Metrocomm's corporate representative testified that the oral contract was for 5 years. Valle Deposition at 49:21 - 50:9; 54:12 – 54:23  Because Eleventh Circuit precedent is clear that oral distributorship agreements intended to last for more than one year are unenforceable, summary judgment should be entered in Acer's favor. *All Brand*

6

*Importers, Inc. v. Tampa Crown Distribu., Inc.,* 864 F.2d 748 (11th Cir. 1989); *Anthony Distrib., Inc. v. Miller Brewing Co.,* 941 F.Supp. 1567 (M.D. Fla. 1996); *Eclipse Med. Inc. v. American Hydro-Surgical Instruments, Inc.,* 262 F.Supp.2d 134, 1344-45 (S.D.Fla. 1999).

II.   **METROCOMM CANNOT MAINTAIN A CLAIM FOR BREACH OF CONTRACT BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED.**

There can be little dispute that the agreement at issue in this case is an oral agreement. Metrocomm's complaint specifically alleges an oral distribution agreement between the parties. Complaint, ¶¶2, 5. Metrocomm even confirms that fact again in Plaintiff's Response. Response, ¶2. And as discussed above, Metrocomm has presented no competent evidence that this alleged oral agreement was ever reduced to a writing. Thus, to the extent that Metrocomm has any claim at all for breach of contract, that claim is subject to the 4-year statute of limitations for oral contracts. *See* §95.11(3)(k), Fla. Stat.

Metrocomm attempts to avoid the 4-year statute of limitation by asserting—in its Response for the first time, and in contradiction to the Complaint and the deposition testimony of its corporate representative—a self-serving allegation that the first breach of the oral agreement occurred sometime "after February 28, 2005." *See* Plaintiff's Response, ¶3. Since Metrocomm filed its complaint on June 29, 2009, Metrocomm is hoping to create an issue of fact on whether its claims are time-barred.

The verified allegations of Metrocomm's Response that the breach first occurred after February 28, 2005 are mere conclusions of fact comparable to a sham affidavit. Under the law of the Eleventh Circuit, an affidavit submitted solely for the purpose of opposing a motion for summary judgment or creating an issue of fact may be disregarded when that affidavit is directly contradicted by deposition testimony. *Van T. Junkins & Assoc., Inc. v. U.s. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984); *Akins v. Fulton County, Ga.,* 278 Fed.Appx. 964 (11th Cir. 2008)

(affidavit may be disregarded as sham if it flatly contradicts earlier deposition testimony in manner that cannot be explained); *Stevens v. SimplexGrinnell, LLP,* 190 Fed.Appx. 768 (11th Cir. 2006) (district court did not abuse its discretion when it struck plaintiff's affidavit where it directly contradicted substantial portions of her deposition testimony).

Metrocomm's pleadings and the deposition testimony of its corporate representative contradict the allegation made in Metrocomm's Response:

- The parties entered an oral agreement for Metrocomm to distribute Acer notebooks in Brazil. *See* Complaint, ¶5-6; Valle Depo. 33:17-19.

- Metrocomm believed that Acer violated the oral agreement on June 28, 2004. *See* Complaint, ¶8.

- Acer stopped operating under the terms of the alleged oral agreement around June 2004. Valle Depo. 44:18 - 24; 45:22 - 25.

- Acer stopped providing the goods but Metrocomm continued selling Acer products until Metrocomm's inventory was exhausted. Valle Depo. 69:19-25; 72:4-19.

When a party has given clear answers to unambiguous deposition questions that negate the existence of any genuine issue of material fact, that party cannot thereafter create an issue fact, and thereby defeat summary judgment, with an affidavit that simply contradicts the deposition testimony. *Van T. Junkins & Assoc., Inc,* 736 F.3d 656 (11th Cir. 19894). After giving unambiguous deposition testimony that defeats Metrocomm's claim as a matter of law, Metrocomm cannot resurrect that claim by then submitting a declaration that contradicts previous sworn testimony and pleadings. This Court should disregard the allegations regarding a new breach date as provided by Metrocomm which contradicts previous sworn testimony.

### IV. CONCLUSION

For the reasons stated above, Acer is entitled to judgment as a matter of law.

WHEREFORE, Defendant, Acer Latin America, respectfully requests this Court enter an order granting its Motion for Judgment on the Pleadings, with prejudice, or in the alternative, Motion for Summary Judgment.

    *s/ Karusha Y. Sharpe*
**BARRY RICHARD**
FLORIDA BAR NUMBER 0105599
**KARUSHA Y. SHARPE**
FLORIDA BAR NUMBER 0540161
**GREENBERG TRAURIG, P.A.**
101 EAST COLLEGE AVENUE
TALLAHASSEE, FL 32301
TELEPHONE (850) 222-6891
FACSIMILE (850) 681-0207

AND

**PAUL LIPTON**
FLORIDA BAR NUMBER 156850
**GREENBERG TRAURIG, P.A.**
1221 BRICKELL AVENUE
MIAMI, FL 33131
TELEPHONE (305) 579-0500
FACSIMILE (305) 579-0717

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 15, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

David S. Harris, Esquire
DAVID S. HARRIS, P.A.
6431 SW 39th Street
Miami, Florida 33155
*Counsel for Plaintiff*

                                        *s/ Karusha Y. Sharpe*
                                                Attorney

*TAL 451,546,687v2 4-15-10*